### CUSHMAN & DENISON MFG. CO. v. DENNY.

(Circuit Court, S. D. New York. July 17, 1906.)

PATENTS—INVENTION—WIRE PAPER CLIP.

The Kelley patent, No. 761,635, for a wire paper clip comprising two triangular-shaped bodies having a base line in common is void, for lack of patentable invention in view of the prior art.

In Equity. On final hearing.

Edward C. Davidson, for complainant.
Almon Hall, for defendant.

PLATT, District Judge. Usual action for infringement of Patent No. 761,635, granted to Arthur F. Kelley, May 31, 1904, claims 7 and 8 being at issue. I quote them:

"(7) A wire paper-clip comprising two triangular-shaped bodies having a base-line in common for both, one triangle lying within the other with the wire composing the sides thereof in the same plane and touching, the smaller triangle being formed by extending the wire straight from one end of the base line longitudinally and inward to the central, longitudinal line of the clip, thence backward and outward longitudinally in a straight line to the other end of the base-line; and the larger triangle being formed by extending the wire straight from said second-named end, longitudinally and inward to the longitudinal center of the clip outside of the smaller triangle, and beyond the end thereof, thence backward and outward longitudinally in a straight line also outside of the smaller triangle to the first-named end, substantially as and for the purpose set forth.

"(8) A wire paper-clip comprising two triangular-shaped bodies having a base-line in common for both; one triangle lying within the other; the smaller triangle being formed by extending the wire straight from one end of the base-line longitudinally and inward to the central, longitudinal line of the clip, thence backward and outward longitudinally in a straight line to the other end of the base-line; and the larger triangle being formed by extending the wire straight from said second-named end, longitudinally and inward to the longitudinal center of the clip outside of the smaller triangle and beyond the end thereof, thence backward and outward longitudinally in a straight line also outside of the smaller triangle to the first-named end, substantially as and for the purpose set forth."

The defendant is shown to have sold clips made by the Weis Binder Company, Toledo, Ohio, which are substantially the same as clips made by the complainant, who invokes the Kelley patent which it owns by assignment. The story connected with this suit is a remarkable one, and casts a strong light upon what may be done at the Patent Office, if the applicant's path is carefully tended by his attorneys. By way of premise, it may be said, that the invention which suggested itself to Kelley and to Robert Gorton, hereinafter to be discussed, can only be discovered by an exceptionally agile mind when the investigator has carefully studied Clough No. 276,001, April 17, 1883.

From the record, including "Complainant's Exhibit, File Wrapper and Contents, Patent in Suit," supplemented by "Defendant's Exhibit, Interference Record, Kelley v. Gorton," we gather the following facts: The patent to Kelley in suit and the patent to Robert Gorton No. 761,-631, were issued on the same day. Gorton's, it will be noticed, being four numbers earlier than Kelley's. Each assigned a half interest to the other.

That situation came about in this way: The two applications were placed in interference. Kelley fixed the date of his invention at about August 1, 1900. Gorton fixed the date of his invention on November 16, 1898. Thereupon Kelley sought out Gorton, and they arranged to own the patents jointly and divide all benefits. They had different solicitors, but Kelley at once discharged his and employed Gorton's. At the same time and place Gorton and Kelley filed mutual concessions of priority, the first three counts in the interference going to Gorton and the rest to Kelley.

It will be noted that the claims conceded to Gorton fit Fig. 1 of Kelley's drawings; in fact, Fig. 1 of Gorton's drawings is the same as Kelley's Fig. 1 turned over. The clip of Gorton's claims is precisely the clip of the patent in suit. The complainant comes into court with this cloud upon its title, and it is not perceived that the prima facie validity of the patent has been established. Take another view of the matter. Kelley's original application had but one claim, which contained, inter alia, the following: "One triangle lying within the other with the wire composing the sides thereof in alignment laterally and touching." This claim was amended and a new one containing the same limitation was rejected on the patent to Clough. Later, without solicitation, the Patent Office allowed the claim, and threw it into interference with Gorton's nine claims. Thereupon Kelley disclaimed Gorton's nine, and limited himself to his restricted claim. Then the examiner said that his claim was not patentable in view of Gorton's nine claims, and he must fight his interference on those nine claims or be driven out of the office patentless. Kelley obeyed, and then the examiner advised him to restore his erased and limited claim, and Kelley obeyed again. Then follows the story told above.

Thus appears the curious case of an inventor being compelled by the Parent Office to make claims which he had expressly disclaimed, and which had been properly rejected; of a patent issued as the result of an interference in which the opposing parties had the same attorney; and of two patents issued on the same day for the same

thing. Aside from these considerations, it is not thought that in view of the prior art, either Kelley or Gorton produced anything worthy to be designated with the word invention, and fit to be surrounded with the solemn pomp and ceremony of Patent Office proceedings. The patent to Clough, 276,001, supra, shows a clip possessing each of the elements of the Kelley clip, operating in the same way, and producing the same results. There is no difference at all, except that in the Clough clip the loops at the extremities farthest from the base have a greater radius of curve, but the examiner, speaking on that subject, said:

"It is true that Clough's device is D-shaped, while applicant's is triangular, but it is not apparent that the different results obtained by the applicant, *if there are any*, are such as to warrant the grant of a patent for applicant's device in the face of Clough."

(The italics are mine.)

Kelley did not answer this, but as has been shown, took his patent at last with this claim in it. The examiner's criticism is still pertinent and persuasive, despite the argument of counsel and the opinion of the expert.

One last word. The defendant manufactures under the Weis Patent, 767,458, August 16, 1904, which claims a paper clip "formed of a single piece of wire bent into an elongated acute-angled triangle, and into a smaller less acute-angled triangle having the same base as the larger triangle," etc. If Kelley was patentable over Clough, then Weis is entitled to a patent over Kelley, and it will be noticed that when it comes to making the clips, the complainant avails itself of the suggested modification upon which Weis got his patent. The complainant, therefore, is a confessed infringer of the patent of the manufacturer against whom it complains. The complainant insists that the defendant's exhibit "Interference Record" should be eliminated from the case on technical grounds. It has received its due share of importance in this hurried opinion; but, on the whole, it is not material whether it be considered in or out of the record. I think that it belongs there as a part of the case, but my final conclusion would be the same without it.

Let the bill be dismissed.